UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KERRI DUNN, | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | Civil Case No. 11-5625 (FSH) |
| v. | **OPINION & ORDER** |
| PREMIER CAPITAL, INC et al., | Date: July 9, 2013 |
| Defendants. | |

**HOCHBERG, District Judge:**

Currently pending before the Court are Defendant Premier Capital, Inc.'s Motion for Summary Judgment and Plaintiff Kerri Dunn's Cross-Motion for Summary Judgment [Docket Nos. 51, 52]. The Court has considered the matter pursuant to Federal Rule of Civil Procedure 78.

## I. FACTUAL BACKGROUND

Dunn took out four student loans from Nutley Savings & Loan Association ("Nutley") between 1983 and 1987. The principal on these loans was respectively: $1,000, $1,169, $922, and $2,500. (Premier 56.1 Statement ¶¶ 1-5, Dunn Counterstatement ¶¶ 1-5). In 1991, Nutley was dissolved by the Office of Thrift Supervision, and the Resolution Trust Corporation was appointed as the receiver. (Premier 56.1 Statement ¶ 9, Dunn Counterstatement ¶ 9). Premier alleges that the Resolution Trust Corporation transferred title and interest in the loans to Sixth R.M.A. Partners, L.P. ("RMA") in 1993. (Dunn 56.1 Statement ¶ 23, Premier Counterstatement

1

¶ 23). In 1998, RMA sold the loans to Premier. (Premier 56.1 Statement ¶ 14, Dunn Counterstatement ¶ 14).

At some point – parties dispute the exact date – Premier contacted Dunn regarding repayment of the four loans. On March 25, 2011, Premier sued Dunn in New Jersey state court for payment of the loans. (Premier 56.1 Statement ¶ 45, Dunn Counterstatement ¶ 45). Premier sought $16,052.43 in principal, interest and late fees. (Dunn 56.1 Statement ¶ 15, Premier Counterstatement ¶ 15). Dunn maintains that the loans were paid in full as of March 1996. (Dunn 56.1 Statement ¶ 11). Premier disputes that Dunn has repaid the loans. (Premier Counterstatement ¶ 11).

Dunn filed a complaint in this Court against Premier alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.[1] Dunn alleges that Premier has been attempting to collect on a debt that has already been paid. (Am. Cl. ¶¶ 13-14). Premier has filed a counterclaim alleging intentional misrepresentation, negligent misrepresentation, and breach of contract. Currently pending before this Court is a motion by Premier seeking summary judgment on all of Dunn's claims and for judgment in its favor on its counterclaim. (Premier Moving Br. at 1). Dunn has also filed a partial motion for summary judgment, seeking judgment in its favor on its claim under 15 U.S.C. 1692e(10) and on Premier's counterclaims. Dunn requests the Court try the remainder of the claims in this case. (Dunn Mot. Br. at 1).

## II. DISCUSSION

### 1. Standard of Review

---

[1] Dunn has voluntarily withdrawn her claim based on the New Jersey Consumer Fraud Act. (Dunn Opp'n Br. at 2, n.1).

2

Pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, "[s]ummary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." *Miller v. Indiana Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988). All facts and inferences must be construed in the light most favorable to the non-moving party. *Peters v. Delaware River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994). The judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. "Consequently, the court must ask whether, on the summary judgment record, reasonable jurors could find facts that demonstrated, by a preponderance of the evidence, that the nonmoving party is entitled to a verdict." *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829, 860 (3d Cir. 1990).

The party seeking summary judgment always bears the initial burden of production. *Celotex Corp.*, 477 U.S. at 323. This burden requires the moving party to establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or to demonstrate that the nonmoving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden. *Id.* at 322-23. Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party. To avoid summary judgment, the nonmoving party must then demonstrate facts supporting each element for which it bears the burden, and it must establish the existence of a "genuine issue of

material fact" justifying trial. *Miller*, 843 F.2d at 143; *accord Celotex Corp.*, 477 U.S. at 324. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587 (*quoting First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### 2. **Premier's Motion for Summary Judgment**

*Statute of Limitations*

Premier argues that Dunn's FDCPA claims are barred by the applicable statute of limitations.[2] Actions under the FDCPA must be filed "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Premier argues that the statute of limitations should run from the date it first contacted Dunn regarding the loans – January 2002. (Premier Mot. Br. at 9). Dunn responds that the statute of limitations began running in March 2011, when Premier filed the lawsuit against Dunn. (Dunn Opp'n Br. at 18-19). She states that her claim is not based on the 2002 letter, regardless of whether it was ever sent or received. (*Id.* at 19-20).

Dunn's FDCPA claim is based upon the filing of the state court action against her. The filing of a lawsuit to collect on an allegedly unpaid debt can constitute an action under the FDCPA if the lawsuit includes a misrepresentation regarding the debt. *See Yentin v. Michaels, Louis & Assocs.*, No. 11-0088, 2011 U.S. Dist. LEXIS 104711 (E.D. Pa. Sept. 15, 2011) (holding in a lengthy and well-reasoned opinion that the filing of a civil complaint misstating a material fact regarding a debt can constitute a violation of the FDCPA). *See also Parker v. Pressler & Pressler, LLP*, 650 F. Supp. 2d 326, 338 (D.N.J. 2009). Although Premier argues that the

---

[2] Defendant's arguments with respect to Plaintiff's Consumer Fraud Act claims will not be addressed by this decision, as Plaintiff has abandoned that claim.

FDCPA violation began in 2002, when it alleges that it first contacted Dunn regarding the debt, "different communications from a creditor may be considered as separate violations of the FDCPA." *Murdock v. E. Coast Mortg. Corp.*, No. 10-4717, 2012 U.S. Dist. LEXIS 85428 at *18 (D.N.J. June 20, 2012). Because Dunn's suit in this Court was filed well within a year of the state court action giving rise to her FDCPA claim, her suit is within the statute of limitations.

*Burden of Proof*

Premier also argues that there is no admissible evidence that Dunn paid off the loans in full. Dunn disagrees that her evidence is inadmissible. (Dunn Opp'n Br. at 16-17). She further argues that in order for Premier to prevail on its motion for summary judgment, it must present admissible evidence that Dunn is liable for the four student loans, which it has failed to do. *Id.* at 6-7.

As the moving party, Premier has the burden of proof. However, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof." *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004) (quotation omitted). In support of her claim, Dunn has presented a print-out from the National Student Loan Data system, a letter from the Department of Education, and a letter from the New Jersey Higher Education Student Assistance Authority, all of which show the loans to have been paid in full. (Dunn Aff., Exs. A, B, C, D, F). Dunn has also presented an affidavit and deposition testimony that she paid the loans in full. (Dunn Aff. ¶ 10, Dunn. Tr. 56:13-20). Premier argues that the letters and print-out are inadmissible hearsay and cannot be admitted without authentication. It concludes that without these documents, Dunn cannot prevail on her FDCPA claim. (Premier Mot. Br. at 14).

5

Affidavits and declarations considered on summary judgment must, "set out facts that would be admissible in evidence . . . ." Fed. R. Civ. P. 56(c)(4). Dunn agrees these documents are hearsay, and seeks to admit them under the public records exception laid out in Federal Rule of Evidence 803(8)(A)(iii). A document may be admitted as a record or statement of a public office if:

> (A) it sets out:
>   (i) the office's activities;
>   (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
>   (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
> (B) neither the source of information nor other circumstances indicate a lack of trustworthiness.

[Fed. R. Evid. 803(8).] The letters from the Department of Education and the New Jersey Higher Education Student Assistance Authority are admissible under the public records exception. As Dunn argues, officials at the two agencies wrote both letters after an investigation and in accordance with the guidelines of the U.S. Department of Education. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 174 (1988) (allowing admission of airplane crash investigation); *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 273 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, No. 05-CV-1887, 2009 U.S. Dist. LEXIS 103104 at *32 (D.N.J. Nov. 5, 2009).[3] Even if the Court were to find these documents are inadmissible, Dunn's testimony alone would be enough to present a

---

[3] Moreover, the United States Court of Appeals for the Third Circuit has previously relied upon printouts from the National Student Loan Data System in finding that an appellant's original debt no longer existed. *In re Jones*, 392 F. App'x 5, 6 (3d Cir. 2010). As such, this piece of evidence illustrating that Plaintiff's loans were paid in full is also admissible.

question of material fact as to whether the loans were paid, and therefore, Summary Judgment for the Defendant will be denied.[4]

***Bona Fide Error Exception***

Premier also argues that it cannot be held liable as a matter of law because even if it made an error, that error falls within the bona fide error exception laid out by the FDCPA. A debt collector cannot be held liable for a violation of the FDCPA if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). To prevail on such a defense, Premier must show that: (1) the violation was unintentional; (2) it resulted from a bona fide error; and (3) the error occurred despite procedures designed to avoid such errors. *Beck v. Maximus, Inc.*, 457 F.3d 291, 297-98 (3d Cir. 2006). The bona fide error exception is an affirmative defense. *Agostino v. Quest Diagnostics, Inc.*, No. 04-4362, 2011 U.S. Dist. LEXIS 127904 at *16 (D.N.J. Nov. 3, 2011).

Dunn argues that Premier did not plead this defense in its Answer and Counterclaim, and "cannot raise it at the last moment on summary judgment." (Dunn Opp'n Br. at 21). According to Dunn, she did not depose witnesses concerning this defense, and was therefore prejudiced by Premier's failure to raise it until this stage of litigation.

Premier cannot prevail in a motion for Summary Judgment on an affirmative defense raised for the first time in that motion. "Parties are generally required to assert affirmative defenses early in litigation, so they may be ruled on, prejudice may be avoided, and judicial resources may be conserved." *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002).

---

[4] Premier, itself, in its opposition to Dunn's cross-motion for summary judgment, has stated that "[a]t the very minimum, there is a fact issue regarding whether Dunn paid off the Loans." (Premier Opp'n Br. at 13).

Further, a failure to raise an affirmative defense as required by Fed. R. Civ. P 8(c) generally results in a waiver of that defense and its exclusion from the case. *Trio Process Corp. v. L. Goldstein's Sons, Inc.,* 461 F.2d 66, 74 (3d Cir. 1972). Dunn would be prejudiced if Premier were allowed to proceed on its bona fide error defense, having failed to raise it at the proper time and the proper manner in accordance with the deadlines of the Rule 16 Order and the Rules of Civil Procedure. Premier has waived this affirmative defense.

*Dispute Debt in Writing*

Under 15 U.S.C. § 1692g(b), if a consumer notifies a debt collector in writing that the debt is disputed within a certain time-frame, the debt collector must cease debt collection activities until the debt is verified. Premier argues that under 15 U.S.C. § 1692g(b), the fact that Dunn did not dispute her debt in writing should bar her FDCPA claim. (Premier Mot. at 4). Premier has provided no support for this interpretation of § 1692g(b), and Summary Judgment is denied.

*Summary Judgment on Counterclaim*

Premier also seeks summary judgment on its counterclaim for breach of contract. It argues that it is entitled to judgment as a matter of law that "Dunn has breached the terms of the promissory notes by failing to pay the required principal and interests amounts to Premier." (Premier Reply Br. at 17). As discussed above, there is a question of material fact as to whether Dunn has paid off these loans. Therefore, Summary Judgment is denied for this counterclaim.

*Motion for Attorneys' Fees*

Finally, Premier argues that it is entitled to attorneys' fees under 15 U.S.C. 1692k(a)(3), which provides that: "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees

reasonable in relation to the work expended and costs." Here, there is no evidence that Dunn's FDCPA claim was brought in bad faith. Plaintiff has presented evidence that her student loans were paid in full as of March 1996 – nearly fifteen years before Premier's action was filed in state court. Therefore, Defendant's Motion for Attorney's fees is denied.

### 3. Dunn's Motion for Summary Judgment

Dunn asks this Court to grant her summary judgment on her claim under 15 U.S.C. § 1692e(10), and against Premier on its counterclaims. She requests the matter be set for trial on her remaining claims and on adjudication of damages.

*Summary Judgment on* **15 U.S.C. § 1692e(10)**

It is a violation of the FDCPA for a debt collector to use a false or misleading representation in connection with the collection of a debt. This includes "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). As discussed above, Dunn alleges that Premier violated the FDCPA through its filing of the complaint in state court alleging that she had defaulted on her student loans.[5]

According to Dunn, Premier made false statements of material fact in its state complaint by claiming that Dunn is liable for the loans. (Dunn Mot. Br. at 12). In response, Premier argues: (1) Plaintiff's claim is barred by the applicable statute of limitations; (2) Plaintiff has no competent evidence that she paid off her loans; (3) Plaintiff's claim is barred by the bona fide error exception and; (4) Plaintiff's claim is barred because she did not dispute the debt in writing prior to the lawsuit. As discussed above, the statute of limitations does not bar Dunn's claim,

---

[5] Dunn also alleges that Premier again violated the FDCPA through its filing of a counterclaim in this case which also states that she has defaulted on her debt. This additional claim is improper because adding a new count to a complaint in a motion for summary judgment is improper. Fed. R. Civ. P. 15.

Premier cannot raise the bona fide error exception at this late date, and Dunn had no obligation to dispute the debt in writing in order to bring a FDCPA claim after the filing of the state court lawsuit.  Further, Dunn's evidence that she paid off her loans is admissible.

Plaintiff also argues that Defendant has no admissible evidence that she is in default on her loans.  Premier has submitted an affidavit from John Cummings, a Vice-President at Premier, along with supporting documentation, that Dunn took out four student loans with Nutley, these loans were sold to the Resolution Trust Corporation, then to RMA, and lastly to Premier.  The affidavit also states that Premier believes the loans have not been paid.  While Dunn argues that this evidence is hearsay, these documents are admissible under the business records exception.  Under Federal Rule of Evidence 803(6), a document may be admitted under the business records exception if:

> (A) the record was made at or near the time by--or from information transmitted by-- someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Although Dunn also alleges that these documents are "inconsistent and unreliable," these arguments go to the weight of the documents' credibility for the future fact-finder, rather than to whether the Court can consider them for the purposes of a summary judgment motion.  There remains a genuine issue of material fact as to whether the loans were paid. As such, Plaintiff's Motion for Summary Judgment is denied on that claim.

***Summary Judgment on Premier's counterclaims***

Premier has raised three counterclaims against Dunn for: (1) intentional misrepresentation as to the status of her indebtedness; (2) negligent misrepresentation as to the status of her indebtedness; and (3) breach of contract. Dunn argues that Counts I and II of Defendant's counterclaim are barred by the New Jersey litigation privilege. Exactly what Premier is claiming in Counts I and II is unclear. The counterclaim says: "Dunn intentionally misrepresented in writing that her indebtedness to Premier had been paid," and "Dunn intended Premier and this Court to rely on such misrepresentations." (Answer at 10). The allegations concerning her negligent misrepresentation are nearly identical. *Id.* at 11. In their opposition papers, Premier does not respond to Dunn's argument regarding why Counts I and II are improper. Moreover, the Court can see no basis for these allegations whatsoever and Premier has not even bothered to state any. This type of baseless claim of misrepresentation has no place in the practice of law, when there are state records providing a basis for Dunn's claim that the debt was fully paid.

Summary Judgment is granted for Dunn on Counts I and II of Premier's counterclaim. Premier "has not shown the requisite facts relating to an essential element of an issue on which it bears the burden." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Premier has not asserted any facts in its counterclaim, nor any facts in its Opposition to Summary Judgment, that would show a material question of fact exists regarding Counts I and II.

### III. CONCLUSION & ORDER

For the reasons explained above,

**IT IS** on this 9th day of July 2013, hereby

**ORDERED** that Count II of Plaintiff's Amended Complaint is **DISMISSED**, pursuant to Plaintiff's voluntary dismissal of that count; and it is further

**ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED IN PART**, and

11

Counts I and II of Defendant's Counterclaim are hereby **adjudged in favor of Plaintiff**; and it is further

**ORDERED** that Plaintiff's Motion for Summary Judgment is otherwise **DENIED**; and it is further

**ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**; and it is further

**ORDERED** that Defendant has waived its bona fide error defense by not raising it at an earlier stage of litigation and it shall not be asserted in any manner in this litigation.

/s/ Faith S. Hochberg_____
Hon. Faith S. Hochberg, U.S.D.J